| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES -- GENERAL

| Case No. | **CV 11-7597-JFW (MANx)** | Date: November 21, 2011 |
|---|---|---|

Title:     Lillian B. Harris, et al. -v- Russakow, Ryan & Johnson, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                        None

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

   On July 20, 2011 Plaintiffs Lillian B. Harris, and Joanna Jones and Lillian B. Harris, as Co-Trustees of the Lillian B. Harris Trust ("Plaintiffs") filed a First Amended Complaint against Defendants Russakow, Ryan & Johnson, Russakow, Greene & Tan, LLP, Mark Russakow, Kelly Ryan, Christopher Johnson, Colin Greene, Lisa Tan, Megan Lee, Sergio Rodriguez, Marivel Zialcita, Abraham Apraku, Citibank (South Dakota), N.A., Citicorp Credit Services, Inc. (U.S.A.), and Chase Bank U.S.A., N.A. in Los Angeles Superior Court alleging the following claims for relief: (1) professional negligence; (2) elder abuse; (3) declaratory judgment; (4) unfair trade practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, (5) negligence; and (6) unfair debt collection practices.  On September 14, 2011, Defendants Citibank (South Dakota), N.A. and Citicorp Credit Services, Inc. (USA) ("Removing Defendants") filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Removing Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under"

federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Id.*  Thus, a plaintiff is generally the "master of the claim."  *Id.*  There is no federal question jurisdiction simply because there is a federal defense to the claim.  *Id.*  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987).

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  The "well-pleaded complaint" rule "severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court."  *Id.* at 9-10.  A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law."  *Id.* at 9. "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

The absence of a federal cause of action is a relevant factor to be considered in assessing whether a federal issue is substantial.  *Id.* at 318; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 811-12 (1986).  Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the cause of action into a federal claim. *Merrell Dow*, 478 U.S. at 811-12.  Such references to federal violations to support state law causes of action do not support federal jurisdiction:

> One only needed to consider the treatment of federal violations generally in garden variety state tort law. . . .  A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," Merrell Dow thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law."

*Grable & Sons*, 545 U.S. at 318-19 (alterations in original) (*quoting Merrell Dow*, 478 U.S. at 811-12).

In many situations, where the violation of a federal statute is one of several independent allegations supporting a state law cause of action, courts have determined that the state law cause of action does not "necessarily turn" on the construction of the federal statute.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345-46 (9th Cir. 1996); *see also id.* at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of

which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

Here, Removing Defendants contend that Plaintiffs' Third Cause of Action for elder abuse arises under the laws of the United States because Plaintiffs allege that Removing Defendants "assisted, facilitated and empowered" fraud and identity theft by a third-party named Karl Nagel with respect to a Citibank-issued credit card account by "plac[ing] a debt for collection that they knew or should have known was an identity theft matter, in violation of 15 U.S.C. section 1681m(f)(1)."  First Amended Complaint at ¶ 32.  However, not only is there no private right of action for violation of 15 U.S.C. § 1681m(f)(1), Plaintiffs' Third Cause of Action for elder abuse is also supported by alternative state law theories -- e.g., Removing Defendants' alleged failure to report suspected elder financial abuse by Karl Nagel in violation of California Welfare and Institutions Code § 15630.  *See, e.g., Perry v. First Nat'l Bank*, 459 F.3d 816, 820 (7th Cir. 2006) (holding that amendment to the Fair Credit Reporting Act eliminated any private right of action to enforce § 1681m).  Accordingly, the Court concludes that Plaintiffs' Third Cause of Action does not necessarily depend on resolution of a substantial question of federal law.

Removing Defendants also contend that the Plaintiffs' Third Cause of Action for Elder Abuse and Fifth Cause of Action for Declaratory Judgment arise under the laws of the United States because Plaintiffs allege that Removing Defendants wrongfully issued an IRS Form 1099.  However, contrary to Removing Defendants' argument, whether the Form 1099 was wrongfully issued or must be withdrawn does not necessarily turn on construction of the Internal Revenue Code. Indeed, Plaintiffs do not explain why the Form 1099 was wrongfully issued and do not state that any section of the Internal Revenue Code was violated.

For all of the foregoing reasons, Removing Defendants have failed to meet their burden to demonstrate the Court's subject matter jurisdiction.  Accordingly, the Court **REMANDS** this action to Los Angeles Superior Court.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.